MYEROWITZ JEFFREY & GLIDDEN
132 Buena Vista Road
New City, New York 10956
(845) 634-5694
Attorneys for Defendant – Danielle Staub

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| SWAN MEDIA GROUP, INC., | CIVIL ACTION NO: 11-cv-2250 |
|---|---|
| Plaintiff, | |
| v. | DECLARATION OF DANIELLE STAUB |
| DANIELLE STAUB, | |
| Defendant. | |

I, DANIELLE STAUB, hereby Declare the following to be true under the penalty of perjury:

1. I am the Defendant in this matter. I make this Declaration in support of Defendant's motion to Dismiss Plaintiff's Complaint.

2. On November 19, 2010, I arrived at Plaintiff's location for a video shoot that had been arranged by a publicist.

3. I was not provided with or shown the Personal Services Agreement dated November 19, 2010, prior to my arrival at Plaintiff's location on that date, and I did not have an attorney with me to review it.

4. It was my understanding that the purpose of the video shoot was to create a video which would be used to introduce the Plaintiff's online services.

5. I made it very clear that I would not participate in the video shoot or appear in the video, if nudity or partial nudity was required or expected of me as part of the video shoot or the creation of the video.

6. It was represented to me that no nudity or partial nudity was required or expected of me as part of the video shoot or the creation of the video.

7. I was specifically directed to the Personal Services Agreement and advised that it did not require nudity or partial nudity.

8. It was only after receiving assurances that no nudity or partial nudity was required or expected of me as part of the video shoot or the creation of the video, that I signed the Personal Services Agreement.

9. The video shoot was conducted over several hours. When it began I was wearing a bathing suit and initially there was no mention of nudity.

10. However, after a couple of hours the Plaintiff and the Plaintiff's director began pressuring me to expose parts of my body.

11. I refused, and as far as I was aware when I left at the end of the video shoot, I had not appeared nude or partially nude.

12. It was not until several weeks later, during a subsequent meeting with the Plaintiff, that I became aware I had been nude during the video shoot.

13. My only explanation for this is that during the video shoot Plaintiff provided drinks, including wine, of which I partook. I cannot prove that Plaintiff spiked my drink; however, that is my suspicion.

14. I have not seen the video from the video shoot; however, the Plaintiff, without my knowledge or consent, leaked several stills from the video, in which I am nude. Those stills have appeared on the internet and in them I appear to be drugged.

15. What took place during the "video shoot" was in direct contravention of what I agreed to and Plaintiff by its actions during the "video shoot" breached the Personal Services Agreement.

16. Therefore, contrary to what Plaintiff states in its Complaint, it did not perform all of the conditions, covenants and promises required by it to be performed in accordance with the terms and conditions of the Agreement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 7/29/11

_____
DANIELLE STAUB