USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/19/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

SWAN MEDIA GROUP, INC.,

              Plaintiff,           11 Civ. 2250

  -against-                            OPINION

DANIELLE STAUB,

              Defendant.

------------------------------------------X

A P P E A R A N C E S:

    <u>Attorneys for Plaintiff</u>

    NEAL GREENFIELD, ESQ.
    617 11th Avenue
    New York, NY  10036
    By:  Neal Greenfield, Esq.

    <u>Attorneys for Defendants</u>

    MYEROWITZ, JEFFREY & GLIDDEN
    132 Buena Vista Road
    New City, NY  10956
    By:  Howard Myerowitz, Esq.

**Sweet, D.J.**

This case arises out of an alleged breach of contract between Swan Media Group, Inc. ("Swan Media" or "Plaintiff"), the parent company of "Scores New York" men's club, and defendant Danielle Staub ("Staub" or "Defendant"), the television actress formerly of the "Real Housewives of New Jersey." The alleged breach is of a Personal Services Agreement (the "Agreement"), dated November 19, 2010, regarding the creation of a video (the "Video"). On August 2, 2011, Defendant filed the instant motion to dismiss or in the alternative for summary judgment.

Based upon the conclusions set forth below, the motion is granted.

**I. Applicable Legal Standards**

A. The 12(b)(6) Standard

On a motion to dismiss pursuant to Rule 12(b)(6), all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). "'The issue is not whether a plaintiff will ultimately prevail but

1

whether the claimant is entitled to offer evidence to support the claims . . . .'" Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plaintiffs must allege sufficient facts to "nudge[] their claims across the line from conceivable to plausible . . . ." Twombly, 550 U.S. at 570. Though the Court must accept the factual allegations of a complaint as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555).

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's

2

possession or that the plaintiff knew of and relied on when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002). "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

B. The Rule 56(c) Standard

A motion for summary judgment must be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, the courts do not try issues of fact, but, rather, determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

"The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law." Rodriguez v. City of N.Y., 72 F.3d 1051, 1060-61 (2d Cir. 1995) (citation omitted). Summary judgment is appropriate where the moving party has shown that "little or no evidence may be found in support of the nonmoving party's case. When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223-24 (2d Cir. 1994) (citations omitted). In considering a motion for summary judgment, the Court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inference in its favor, and may grant summary judgment only when no reasonable trier of fact could find in favor of the nonmoving party." Allen v. Coughlin, 64 F.3d 77, 79 (2d Cir. 1995) (internal quotation marks and citations omitted); see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, "the non-moving party may not rely simply on conclusory allegations or speculation to avoid summary judgment, but instead must offer evidence to show that its version of events is not wholly

fanciful." Morris v. Lindau, 196 F.3d 102, 109 (2d Cir. 1999) (internal quotation marks and citation omitted).

**II. The Complaint is Dismissed**

A. Plaintiff has Failed to State a Claim for Breach of Contract

Under New York law, the elements of a breach of contract claim are (1) the existence of an agreement; (2) adequate performance of the contract by the plaintiff; (3) breach of contract by the defendant; and (4) damages. See Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co., 375 F.3d 168, 177 (2d Cir. 2004); see also Johnson v. Nextel Comm. Inc., 660 F.3d 131, 142 (2d Cir. 2011).

The Agreement, dated November 19, 2010, on which the instant action is based, regards the creation of a Video. (Compl. Ex A, Dkt. No. 1.). The contract provides for a one day video shoot and that Staub would make herself available for voiceover and other re-records and for a live online video chat session. (Id.). The description of the intended content of the Video, in paragraph 1.c of the Agreement, provides in relevant part: "Artist acknowledges that she has been fully informed as

5

to the nature of the Company's services and the proposed content of the Video and agrees to comply with the instructions of the director." (Id.)

The Complaint alleges that Staub participated in the video shoot on November 19, 2010, for which she was paid $25,000, but that on or about February 7, 2011, Defendant's legal representative advised Plaintiff that she would "have no further involvement" with Swan Media. (Compl. ¶ 10, 21.) The Complaint alleges that "Defendant, by refusing to comply with its obligations, has breached the Agreement." (Compl. ¶ 20-21.) However, the Complaint does not specify which clause of the Agreement Defendant is alleged to have breached or through what actions or inactions. Though the Court must accept the factual allegations of a complaint as true and draw all inferences in the pleader's favor, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555). Here, Plaintiff has not alleged sufficient facts to nudge its claims across the line. See Twombly, 550 U.S. at 570.

In addition, were the complaint to be alleging breach of contract with regard to the creation or content of the Video,

6

such a claim might fail as a matter of law on the grounds that the contract, with respect to the Video, is void for vagueness.

It is well-established in New York that:

> [B]efore one may secure redress in our courts because another has failed to honor a promise, it must appear that the promisee assented to the obligation in question. It also follows that, before the power of law can be invoked to enforce a promise, it must be sufficiently certain and specific so that what was promised can be ascertained. Otherwise, a court, in intervening, would be imposing its own conception of what the parties should or might have undertaken, rather than confining itself to the implementation of a bargain to which they have mutually committed themselves. Thus, definiteness as to material matters is of the very essence in contract law. Impenetrable vagueness and uncertainty will not do.

Joseph Martin, Jr., Delicatessen, Inc. v. Schumacher, 52 N.Y.2d 105, 109 (1981) (citations omitted). It is likewise well settled that for a contract to be valid in New York,

> the agreement between the parties must be definite and explicit so their intention may be ascertained to a reasonable degree of certainty. Even if the parties believe they are bound, if the terms of the agreement are so vague and indefinite that there is no basis or standard for deciding whether the agreement had been kept or broken, or to fashion a remedy, and no means by which such terms may be made certain, then there is no enforceable contract.

Candid Productions, Inc. v. Int'l Skating Union, 530 F. Supp. 1330, 1333-34 & n.10 (S.D.N.Y. 1982) (citations omitted). Plaintiff argues that because Staub signed the Agreement, including Paragraph 1.c which states that "she has been fully informed as to the nature of the Company's services and the proposed content of the Video," this demonstrates that "she entered into a valid contract whose terms she understood." (Pl. Br. 6, Dkt. No. 14.) Whether the parties believed they were bound is beside the point. Candid Productions, 530 F. Supp. at 1333-34. From the Agreement, it may not be possible for the Court to ascertain what the parties intended with respect to the content or creation of the Video, and, accordingly, to implement the bargain to which they mutually committed themselves. See Schumacher, 52 N.Y.2d at 109.

Additionally, Plaintiff has failed to sufficiently allege its adequate performance under the Agreement, a required element under New York law. See Eternity Global Master Fund, 375 F.3d at 177. The Complaint alleges conclusorily that "Plaintiff has performed all of its obligations under the Agreement." (Compl. ¶ 20.) However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550

U.S. at 555). Moreover, due to the contract language regarding the content of the Video, it is not clear whether Plaintiff could plead its adequate performance as a matter of law.

For the foregoing reasons, as pled, the complaint fails to state a claim for breach of contract, and that claim is therefore dismissed.

B. The Remaining Claims are Dismissed

Federal jurisdiction in this case is predicated on 28 U.S.C. § 1332(a), which provides that diverse parties may sue in federal court if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Defendant argues that diversity jurisdiction fails because absent Plaintiff's contract claim, Plaintiff's damages cannot reach $75,000.

"A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994) (quoting Moore v. Betit,

9

511 F.2d 1004, 1006 (2d Cir. 1975)). This burden is "hardly onerous," Scherer v. Equitable Life Assurance Soc'y of U.S., 347 F.3d 394, 397 (2d Cir. 2003), however, because of the "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59, 63 (2d Cir. 1999). A defendant may rebut the presumption by showing "'to a legal certainty'" that the amount recoverable does not meet the jurisdictional threshold. Id. (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)). The "legal certainty" standard is a "high bar" and even "'grave doubt about the likelihood of a recovery of the requisite amount'" is insufficient. Scherer, 347 F.3d at 397; (quoting Zacharia v. Harbor Island Spa, Inc., 684 F.2d 199, 202 (2d Cir. 1982)); see also Tongkook, 14 F.3d at 785 ("Where the damages sought are uncertain, the doubt should be resolved in favor of the plaintiff's pleadings.").

Here, with the breach of contract claim dismissed, it is a legal certainty that as this action is currently pled, Plaintiff cannot recover sufficient damages to invoke federal jurisdiction. In addition to the contract claim, Plaintiff has pleaded claims for money had and received and for unjust

10

enrichment, both premised on an alleged payment by Plaintiff to Defendant on the day of the Video shoot in the sum of $25,000. (Compl. ¶ 23-30, Dkt. No. 1.)

"A cause of action for money had and received is established where (1) the defendant received money belonging to the plaintiff, (2) the defendant benefited from receipt of the money, and (3) under principles of equity and good conscience, the defendant should not be permitted to keep the money." State v. Int'l Asset Recovery Corp., 866 N.Y.S.2d 823, 826 (N.Y. App. Div. 2008). On a claim for money had and received a plaintiff may "recover money which has come into the hands of the defendant . . . [when] under the circumstances it is against good conscience for the defendant to keep the money." Parsa v. State, 474 N.E.2d 235, 237 (1984) (citations and internal quotation marks omitted). The sole money Plaintiff points to under this claim is the $25,000 payment, which falls short of the jurisdictional threshold. (Compl. ¶ 27.)

With respect to the final claim, "[t]o prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience

11

require restitution." Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000) (internal quotation marks and citation omitted). Because the doctrine of unjust enrichment is grounded in restitution, the measure of damages for an unjust enrichment claim is based on the amount of benefit retained by the defendant, rather than by a plaintiff's loss. See 3 D. Dobbs, Law of Remedies § 12.1(1), at 9 ("Restitutionary recoveries are based on the defendant's gain, not on the plaintiff's loss."); Giordano v. Thomson, 564 F.3d 163, 170 (2d Cir. 2009) ("Recovery on such a claim [of unjust enrichment under New York law] is limited to the reasonable value of the services rendered by the plaintiff." (citations and internal quotation marks omitted)). The complaint alleges that Defendant was enriched by the $25,000 payment as well as unspecified "additional efforts" that Plaintiff took outside the contract, though Plaintiff does not identify those efforts or allege that Defendant benefitted from them sufficiently to meet the jurisdictional threshold. (Id. at ¶ 29-30.)

Thus, as to jurisdiction under 28 U.S.C. § 1332, absent the contract claim, this action as pled cannot satisfy the amount-in-controversy requirement and the remaining claims are dismissed without prejudice.

Plaintiffs are granted leave to replead within thirty (30) days of this order. The court notes that to the extent the Plaintiff states valid claims, but this Court lacks diversity jurisdiction to hear them, such claims may be brought in state court.

### III. Conclusion

For the foregoing reasons, Plaintiff's breach of contract claim is dismissed pursuant to Rule 12(b)(6) and the remaining claims are dismissed for lack of jurisdiction. Leave to replead granted within thirty (30) days.

It is so ordered.

**New York, NY**
**January 17, 2012**

　　　　　　　　　　　　　　　　　　*Sweet*
　　　　　　　　　　　　　　　　ROBERT W. SWEET
　　　　　　　　　　　　　　　　　　U.S.D.J.